IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2013 MAR 26  PM 4: 16

|  |  |  |
|---|---|---|
| DAVID H. GOODMAN, on behalf of himself and derivatively on behalf of KEY INGREDIENT CORPORATION,<br>    Plaintiff,<br><br>v.<br><br>PHILIPPE CREVOISIER, CHRISTOPHE BOUZIGUES, KEVIN CAMPHUIS, SEB S.A.S. d/b/a SAS SEB S.A. d/b/a GROUPE SEB, and SEB ALLIANCE d/b/a GROUPE SEB ALLIANCE,<br>    Defendants. | §§§§§§§§§§§§§§§ | CIVIL ACTION NO. A-12-CV-1169-JRN |

## ORDER

Before the Court in the above-entitled and styled cause of action is Plaintiff David H. Goodman's Motion for Preliminary Injunction (Clerk's Dkt. No. 3), Defendants' Response in Opposition (Clerk's Dkt. No. 40), and Plaintiff's Reply. On March 21, 2013, the Court held a hearing and heard arguments of counsel on Plaintiff's Motion for Preliminary Injunction. Having considered the pleadings, evidence, arguments of counsel, and applicable law, the Court concludes the Motion should be granted and finds as follows:

1.    Plaintiff will suffer the following immediate and irreparable injury, loss, or damage if the following conduct of Defendant is not enjoined pending trial in this action from:

    (a) disseminating, copying, transferring, or reverse-engineering any of Key Ingredient's intellectual property, including but not limited to its CMS and its source code; and

    (b) developing, marketing, offering for sale, or selling any system, software or

offering that is substantially similar to, or that would compete with, the CMS offered by Key Ingredient under the CMS Agreement.

2.	Defendants' prior and threatened actions to disseminate, copy, and transfer Key Ingredient's confidential information, including business plans and source code, threaten irreparable injury for which there is no adequate remedy at law since they threaten Key Ingredient's economic interests in ways that are not easily quantifiable.

3.	The balance of equities favors Plaintiff since the injunctive relief ordered imposes no greater restraint on Defendants than is required by the bargained for contractual obligations of the Entity Defendants (*i.e.*, SEB S.A.S. d/b/a SAS SEB, SEB S.A. d/b/a Groupe SEB and SEB Alliance d/b/a Groupe SEB Alliance) and the fiduciary duties of the Director Defendants (*i.e.*, Philippe Crevoisier, Christophe Bouzigues, Kevin Camphuis).

**ACCORDINGLY, IT IS ORDERED** that Defendants SEB S.A.S. d/b/a SAS SEB, SEB S.A. d/b/a Groupe SEB and SEB Alliance d/b/a Groupe SEB Alliance, their affiliates, officers, agents, servants, employees, attorneys, and all persons acting in concert with them (including but not limited to Defendants Philippe Crevoisier, Christophe Bouzigues, Kevin Camphuis) are **ENJOINED** from performing the following acts:

(a) disseminating, copying, transferring, or reverse-engineering any of Key Ingredient's intellectual property, including but not limited to its CMS and its source code; and

(b) developing, marketing, offering for sale, or selling any system, software or offering that is substantially similar to, or that would compete with, the CMS offered by Key Ingredient under the CMS Agreement.

Based on the evidence presented, the Court finds that it is unlikely that Defendants will suffer damages or costs even if it were later determined that the injunction was wrongfully issued. Accordingly, the Court **SETS** the bond requirement at **$100**. The Preliminary Injunction shall become effective immediately upon Plaintiff's deposit of a cash bond in the amount of $100 with the Clerk of the Court, and shall remain in effect pending a resolution of the present cause.

SIGNED this 25th day of March, 2013.

_____
JAMES R. NOWLIN
UNITED STATES DISTRICT JUDGE